

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 17, 1957

Honorable James A. Turman,
Acting Executive Director,
Texas Youth Council,
Austin, Texas

Opinion No. WW-282.

Re: Can the Comptroller of
Public Accounts approve
and issue warrants cover-
ing the payrolls submitted
by Institutions under the
Texas Youth Council, which
include salaries for teach-
ers, supervisors and coaches?
And related questions.

Dear Mr. Turman:

Your letter of September 23, 1957, requests an opinion
by this office on the following three questions:

"1. Can the Comptroller approve and issue
warrants covering the payrolls submitted by
the Institutions under the Texas Youth Council
which include salaries for principals, teachers,
supervisors and coaches.

"2. If the answer to the above question is
in the affirmative, may the salaries be paid
from the appropriation 'For payment of salaries
and wages, other operating expenses, including
maintenance and repairs and capital outlay for
operating the general administration, physical
plant, food service, service industries, patient
or student treatment and care and education and
all other activities for which no other provis-
ions are made.'

"3. If the answers to the above two ques-
tions are in the affirmative, is it necessary
to obtain approval of salary rates of principals,
supervisors and coaches from the Governor after
obtaining the advice of the Legislative Budget
Board even though these rates may not be in
excess of S.B. No. 116, as amended. (H.B. 133,
Article II, Section 2-d)."

We feel that your first question is fully answered by the reasoning of Attorney General's Opinion WW-229 (1957). This opinion involved the authority of the Board for Texas State Hospitals and Special Schools to employ personnel with the position title of "teachers". The authority of this Agency to employ teachers was sustained, notwithstanding the fact that "teachers" was not listed as an authorized position title in Article II of House Bill No. 133, Acts 55th Legislature, Regular Session, 1957, page 918, the latter being the current Biennial Appropriation Act. The same provisions of House Bill 133, discussed and set forth in said opinion, which supported the authority of the Board for Texas State Hospitals and Special Schools to employ teachers also support the authority of your agency to employ teachers, principals, supervisors, and coaches. We attach a copy of said opinion and hence do not see the need for further discussion of its holding.

In answer to your second question, it is our opinion that the salaries of teachers, principals, supervisors and coaches may be paid from the item in the appropriation, to each of the institutions and special schools under the jurisdiction of your agency, which reads as follows:

> "For payment of other salaries and wages
> and professional fees, travel, other operating
> expenses including maintenance and repairs and
> capital outlay for operating the general admin-
> istration, physical plant, food service, service
> industries, patient or student treatment, care
> and education, and all other activities for which
> no other provisions are made." See Article II
> of House Bill 133, Acts 55th Legislature, Chap-
> ter 85, pages 912 to 917.

Your second question is accordingly answered in the affirmative.

The answer to your third question concerns the construction of that portion of Article II of House Bill 133, at page 925, which reads as follows:

> "d. Each classroom teacher or teacher
> of exceptional children in each State School
> or Home specified in this Article shall re-
> ceive as a minimum salary the classroom or
> exceptional teacher's monthly salary rate
> specified in S.B. No. 116, Acts of the 51st
> Legislature, 1949, as amended. The govern-
> ing board of each such State School or Home

> may recommend salary rates at amounts that
> will not exceed the salaries for like posi-
> tions paid in the public schools in the city
> in which such State School or Home is located.
>
> "However, such recommended salary rates
> in excess of the minimum amounts specified in
> S.B. 116, as amended, and the salary rates of
> principals, supervisors, and coaches in the
> special schools and homes specified in this
> Article, may not be paid without the advance
> written approval of the Governor after obtain-
> ing the advice of the Legislative Budget Board;
> but such approved rates shall never exceed the
> rates of pay for like positions paid in the
> public schools of the city in which the State
> School or home is located."

We think the clear import of the language used in the second paragraph of the foregoing provision is that the salary rates of principals, supervisors and coaches may not be paid without the advance written approval of the Governor, after obtaining the advice of the Legislative Budget Board, even though such salary rates do not exceed the salary rates specified in Senate Bill No. 116, Acts of the 51st Legislature, 1949, as amended. In speaking of this provision in House Bill 133, and other provisions therein of like import, Attorney General's Opinion No. WW-96 (1957) said:

> "3. On page II-32, in the second paragraph
> of Subsection d of Section 2 of Article II of
> the bill, there is a provision that certain salary
> rates must have the written approval of the
> Governor 'with the advice of the Legislative
> Budget Board'. If construed as a part of or a
> condition of approval, this would be unconsti-
> tutional as it is an attempt to vest an execu-
> tive power in a joint committee of the legis-
> lative branch in violation of Section 1 of
> Article II of the Texas Constitution. Attorney
> General's Opinion V-1254 (1951). . . ."

The advice of the Legislative Budget Board cannot be a condition precedent to or in any way a condition of approval by the Governor. The main duty and function of the Legislature is to enact laws while one of the main duties of the Executive is to put the laws into effect and to supervise their execution. Under the doctrine of the separation and division of powers those two functions should be kept separate with a sharp line of demarcation between them.

## SUMMARY

The Comptroller of Public Accounts is authorized to approve and issue warrants covering the payrolls submitted by the institutions under the Texas Youth Council which include salaries for principals, teachers, supervisors and coaches. Such salaries are payable from the appropriation "For payment of salaries and wages . . . and other operating expenses. . . ."

Article II of House Bill No. 133, Acts 55th Legislature, Regular Session, page 925, requires the approval of the Governor before the salary rates of principals, supervisors and coaches may be paid, even though such salary rates do not exceed the salary rates specified in Senate Bill No. 116, Acts of the 51st Legislature, 1949, as amended.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore
Assistant

LP:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

B. H. Timmins, Jr.

John B. Webster

W. V. Geppert
APPROVED FOR THE ATTORNEY GENERAL
By: James N. Ludlum.